## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BROCH CLINTON** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **GC Services Limited Partnership** | ) | **JURY TRIAL** |
| **Defendant** | ) | **DEMANDED** |

## COMPLAINT

### I.  INTRODUCTION

1.      Plaintiff Broch Clinton ("Plaintiff") brings this action for damages and any other available legal or equitable remedies resulting from the illegal actions of defendant GC Services, Limited Partnership ("Defendant") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et. seq ("TCPA"), thereby invading Plaintiff's privacy.

### II.  JURISDICTION AND VENUE

2.  Subject matter jurisdiction arises under 28 U.S.C. § 1331, 1337, 47 U.S.C. § 227 and 15 U.S.C. § 1692.

3.  Venue is proper in this District because Defendant transacts business here and placed phone calls into the District and Plaintiff resides in this District.

### III. PARTIES

4.  Plaintiff is a natural person who resides in Lancaster County, Pennsylvania. Plaintiff is, and at all times herein was, a "person" as defined by 47 U.S.C.  § 153(39).

5.  Plaintiff has suffered a concrete injury in fact which is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

6.  Defendant, is, upon information and belief, a Delaware Limited Liability corporation who, at all times relevant herein, conducted business in the Commonwealth of Pennsylvania and in the County of Lancaster and within this judicial district.

7.  At all times relevant herein, Defendant operated through its employees, servants, workmen and agents within the course and scope of their employment and Defendant is vicariously liable for the actions of the actions of the above referenced persons.

8.  At all times relevant to this Complaint, Defendant used one or more instrumentalities of interstate commerce, including electronic communication and the mail, to conduct business in the Commonwealth of Pennsylvania and within this judicial district.

9.  At all times relevant herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

10. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with a number of 919 – xxx-xx41.

11. At all times relevant hereto and upon information and belief, Defendant was acting in its capacity as a privately-held outsourcing provider of call center management and collection agency services in an attempt to collect a debt for an alleged third party creditor of Defendant and regularly makes autodialed phone calls with a pre-recorded message to consumers in order to collect debts.

## IV. FACTUAL ALLEGATION

12. Within four years of the filing of this Complaint, Defendant and its agents knowingly used an ATDS to call Plaintiff's cellular telephone.

13. Defendant's calls were made numerous times on an autodialing system to Plaintiff's cellular phone from numbers including but not limited to 800-695-0681and 405-621-6373.

14. At all times relevant hereto, Plaintiff and Defendant had no prior business relationship.

15. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

16. Despite Plaintiff's lack of consent, Defendant persisted in making repeated and unwanted calls to Plaintiff.

17. Defendant called Plaintiff during work hours.

18. When Defendant called Plaintiff during his work hours, the call caused Plaintiff's cellular telephone to be unavailable for legitimate use during the unwanted calls.

19. Defendant's calls during work hours caused Plaintiff annoyance and anxiety and distracted Plaintiff from his tasks at hand.

20. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cellular phone.

21.  Defendant made these unwanted automated phone calls to Plaintiff's cellular telephone number in violation of the TCPA.

22. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Upon information and belief, the ATDS equipment used by Defendant to place the calls at issue has the capacity to dial telephone numbers automatically from a stored

list or database without human intervention, using a random or sequential number generator.

24. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cellular telephone phone.

26. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

27. All of the calls made to Plaintiff's cellular telephone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

28. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

29. Defendant's autodialed collection calls disrupted Plaintiff's privacy and caused frustration, annoyance and distress to Plaintiff.

30. Defendant's autodialed calls to Plaintiff caused diminished battery life to Plaintiff's cellular telephone, wasted Plaintiff's time and interfered with his ability to otherwise make and receive calls on his cellular telephone.

31. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular telephone.

32. By persistently autodialing Plaintiff's cell phone without Plaintiff's prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

33. Defendant knew or should have known that Plaintiff did not provide his cellular telephone number to Plaintiff.

34. Defendant obtained Plaintiff's cellular telephone number from another source and, thus, willingly or knowingly violated the TCPA.

## V.  CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Within the four-year period immediately preceding this action, Defendant or others acting on its behalf made numerous, unwanted  non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

37. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages as aforestated.

39. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone nor did Defendant have the prior express consent of Plaintiff to call his cellular telephone.

40. Defendant made these calls to Plaintiff's cellular telephone willfully.

41. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

42. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Broch Clinton, prays that judgment be entered against the Defendant as follows:

a.      for an award of $500.00 in statutory damages, for each and every one of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.,* pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

b.      for an award of $1,500.00 in treble damages, for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

c.      for an injunction prohibiting Defendant from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

d.      a declaration that Defendant violated the TCPA;

e.      Such other or further relief as the Court deems proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com